IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEONJUAN ANDRIS, | | |
| | Petitioner, | No. 2: 11-cv-0758 KJN P |
| | vs. | |
| WARDEN BARNES, | | <u>ORDER AND</u> |
| | Respondent. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

      The petition contains exhausted and unexhausted claims. Petitioner has separately filed a motion to stay this action pending exhaustion of the unexhausted claims.

      Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each

and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

A mixed petition may be stayed pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Pursuant to Kelly, a petitioner must dismiss his unexhausted claims, but the court may stay his remaining exhausted claims while he returns to the state courts to exhaust his dismissed claims.  See Kelly, 315 F.3d at 1070-71.  The Ninth Circuit has warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely ... [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.

Under Rhines v. Weber, the court has the discretion to stay all of a petitioner's claims while he returns to the state courts to exhaust, but the petitioner must make a showing of good cause for his failure to have exhausted his claims in state court and that the claims are not "plainly meritless."  Rhines, 544 U.S. at 277-78.  Thus, petitioner has two options:  "one (Kelly) which would not require good cause but also would not leave the entire mixed petition pending in district court, and a second (Rhines)  which would require a good cause showing and would leave the entire mixed petition pending in district court."  King, 564 F.3d at 1136.

In his motion to stay, petitioner discusses Rhines.  Accordingly, the undersigned considers whether a motion to stay is appropriate under Rhines.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277.  The Supreme Court has also stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for

him to file" a "protective" petition in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).

The Ninth Circuit has explained that the Rhines good cause standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). However, the Ninth Circuit has also held that a petitioner's mere "impression" that his attorney had included a claim in an appellate brief did not constitute good cause for the petitioner's failure to exhaust. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). The Ninth Circuit explained that such a standard "would render stay-and-abey orders routine" and thus, "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Id.

Petitioner does not claim that he filed his federal petition based on reasonable confusion regarding whether the state courts would deem his petitions timely. Accordingly, petitioner has not shown good cause pursuant to the standard set forth in Pace discussed above.

Petitioner first contends that there is good cause to stay this action on grounds that his appellate lawyer did not properly exhaust claim two and failed to raise claims one and three. Petitioner contends that his appellate lawyer was either ineffective or that the grounds of these claims were not apparent from the record.

District courts disagree over whether ineffective assistance of counsel constitutes good cause. See Riner v. Crawford, 415 F.Supp.2d 1207, 1210 (D. Nev. 2006) ("The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings."). The undersigned finds that the Ninth Circuit's guidance in Wooten weighs against finding that a mere allegation of ineffective assistance of counsel constitutes good cause. See, e.g., Carter v. Friel, 415 F.Supp.2d 1314, 1318 (D. Utah 2006) ("[T]he Court finds the cases holding that an allegation of ineffective assistance of post-conviction counsel does not constitute 'good cause'

3

for failing to exhaust state remedies are the better reasoned. To find otherwise would result in the routine granting of stays of mixed petitions because the failure to exhaust state remedies frequently involves allegations of ineffective assistance of state post-conviction counsel." (footnote omitted)). Accordingly, the undersigned finds that petitioner's allegation that counsel was ineffective is insufficient to establish good cause. Petitioner's conclusory claim that the claims were not apparent from the record also does not demonstrate good cause.

Petitioner next argues that good cause exists for staying this action on grounds that his is not trained in the law. District courts have also disagreed over whether mere ignorance of the law constitutes good cause. The U.S. District Court for the District of Nevada has held that a habeas petitioner's mere lack of legal knowledge was sufficient to establish good cause. See Riner v. Crawford, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006) ( "[T]he good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, ...").

In contrast, the U.S. District Court for the Central District of California, following the Ninth Circuit's law governing "cause" for procedural defaults, has held that good cause requires a showing of external factors that cannot be attributed to the petitioner. See Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005) ("Petitioner has not shown that his failure to exhaust his claims resulted from any external objective factor that cannot fairly be attributed to him.").

Again following the Ninth Circuit's guidance in Wooten, the undersigned finds that good cause cannot be based on mere ignorance of the law because such a finding "would render stay-and-abey orders routine" and thus, "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. Accordingly, petitioner's mere ignorance of the law is insufficient to establish good cause for his failure to exhaust.

1   Because petitioner has failed to demonstrate good cause for his failure to exhaust
2   all of his claims prior to filing the instant action, petitioner's motion to stay should be denied.
3   Accordingly, IT IS HEREBY ORDERED that:
4   1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 2) is granted;
5   2. The Clerk of the Court shall assign a district judge to this action; and
6   IT IS HEREBY RECOMMENDED that petitioner's motion to stay (Dkt. No. 3)
7   be denied.
8   These findings and recommendations are submitted to the United States District
9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
10  one days after being served with these findings and recommendations, petitioner may file written
11  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
12  Findings and Recommendations."  Any response to the objections shall be filed and served
13  within fourteen days after service of the objections.  Petitioner is advised that failure to file
14  objections within the specified time may waive the right to appeal the District Court's order.
15  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16  DATED: April 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

an758.156