IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEONJUAN ANDRIS,

    Petitioner,                               No. 2: 11-cv-0758 KJM KJN P

    vs.

WARDEN BARNES,                         ORDER AND

    Respondent.                         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed March 21, 2011. The petition contains both exhausted and unexhausted claims. Petitioner has separately filed a motion to stay this action pending exhaustion of unexhausted claims.

        On April 15, 2011, the undersigned recommended that petitioner's motion to stay be denied. On May 12, 2011, petitioner filed objections. After reviewing petitioner's objections, the undersigned has determined that petitioner's motion to stay should be granted. Accordingly, the April 15, 2011 findings and recommendations are vacated and it is now recommended that petitioner's motion to stay be granted.

        In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that courts may stay mixed petitions while a petitioner exhausts his unexhausted claims in state court only when

1

1) good cause exists for petitioner's failure to exhaust; 2) petitioner's unexhausted claims are not "plainly meritless"; and 3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78.

In Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1531 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416.

In the April 15, 2011 findings and recommendations, the undersigned found that petitioner did not claim that he filed his federal petition based on reasonable confusion regarding whether the state courts would deem his petition timely. For that reason, the undersigned found that petitioner had not shown good cause pursuant to the standard set forth in Pace. The undersigned went on to find that petitioner had failed to demonstrate good cause pursuant to the standards set forth in Rhines.

In his objections to the April 15, 2011 findings and recommendations, petitioner disputes the finding that he did not demonstrate good cause pursuant to Rhines. Petitioner also argues that he has shown good cause under the standards set forth in Pace. After reviewing petitioner's objections, the undersigned finds that petitioner has shown good cause pursuant to the standards set forth in Pace. For that reason, there is no need to address the good cause standards discussed in Rhines.

According to the petition, the California Supreme Court denied petitioner's

petition for review on January 13, 2010.  For purposes of the statute of limitations, petitioner's conviction became final ninety days later, i.e. on April 13, 2010.  28 U.S.C. § 2244(d): <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Petitioner had one year from that date to file a timely federal petition.  The instant action is, therefore, timely.

In his objections, petitioner alleges that he filed a habeas corpus petition in state court on March 16, 2011.  Petitioner alleges that he filed the instant protective petition because he is not sure whether the states court will find his habeas petitions timely.  28 U.S.C. § 2244(d)(1)(2) (properly filed application for state post-conviction relief tolls the statute of limitations).  Based on this claim, the undersigned finds that petitioner has demonstrated reasonable confusion regarding whether his state petitions are timely.  Because petitioner has demonstrated good cause pursuant to the standards set forth in <u>Pace</u>, his motion to stay should be granted.

Accordingly, IT IS HEREBY ORDERED that the April 15, 2011 findings and recommendations (Dkt. No. 6) are vacated;

IT IS HEREBY RECOMMENDED that petitioner's motion to stay (Dkt. No. 3) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file

////
////
////
////

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: June 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

an758.fr(2)